25-794-cv
*Costello v. Paramount Glob., Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty-six.

Present:

> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> BETH ROBINSON,
> *Circuit Judges*.

---

SUE COSTELLO, INDIVIDUAL,

> *Plaintiff-Appellant*,

v.

PARAMOUNT GLOBAL, INC.,

> *Defendant-Appellee*.

25-794-cv

---

For Plaintiff-Appellant:      SUE COSTELLO, *pro se*, Quincy, MA

For Defendant-Appellee:      CRYSTAL L. WEEKS, Weil, Gotshal & Manges LLP, Washington, DC (Yehudah L. Buchweitz, Weil, Gotshal & Manges LLP, New York, NY, *on the brief*)

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *District Judge*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Sue Costello, proceeding *pro se*, appeals from a district court order dismissing her lawsuit against Paramount Global, Inc. ("CBS") for failure to prosecute. In 2023, Costello sued CBS, and CBS moved to compel arbitration based on an arbitration clause in its contract with Costello. The district court granted CBS's motion and stayed the case. Rather than commence arbitration, Costello repeatedly moved for reconsideration of the district court's decision and to void the arbitration clause. Following several warnings and extensions, a magistrate judge recommended dismissing Costello's suit for failure to prosecute or comply with a court order under Federal Rule of Civil Procedure 41(b). *Costello v. Paramount Global, Inc.*, No. 23-cv-1553, 2025 WL 1042285 (S.D.N.Y. Jan. 14, 2025). The district court adopted the recommendation over Costello's objections, *Costello v. Paramount Global, Inc.*, No. 23-cv-1553, 2025 WL 785165 (S.D.N.Y. Mar. 12, 2025), and this appeal followed. We assume the parties' familiarity with the case.[1]

Our review is limited to the district court's dismissal for failure to prosecute. Ordinarily, interlocutory orders—that is, orders issued by a court before the conclusion of proceedings— "merge with the judgment for purposes of appellate review," and they can therefore be reviewed on appeal alongside the district court's final decision disposing of the case. *Shannon v. Gen. Elec.*

---

[1] Costello's motions for leave to file exhibits are denied. To the extent she seeks to file exhibits that were filed in the district court, her motion is unnecessary because these documents are already part of the record on appeal, and to the extent she seeks to file new exhibits, she has not shown that supplementing the record on appeal is warranted. *See* Fed. R. App. P. 10(a)(1), (e)(2); *Loria v. Gorman*, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002) ("Ordinarily, material not included in the record on appeal will not be considered."). We also deny Costello's motion for an injunction pending appeal,

because she did not satisfy the requirements of Fed. R. App. P. 8(a) by either moving first in the district court or showing that it would have been impracticable to do so. *See Agudath Israel of Am. v. Cuomo*, 980 F.3d 222, 225 (2d Cir. 2020). Costello's remaining motions are denied as moot.

*Co.*, 186 F.3d 186, 192 (2d Cir. 1999).[2] "Interlocutory orders do not merge, however, when a final judgment of dismissal is imposed as a sanction for litigation misconduct, such as a failure to prosecute." *Marquez v. Silver*, 96 F.4th 579, 582–83 (2d Cir. 2024). Because the district court dismissed Costello's action for failure to prosecute, we lack jurisdiction to review its earlier orders, including its order to compel arbitration.

Rule 41(b) "authorizes the district court to dismiss an action if the plaintiff fails to prosecute or to comply with the rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). "We review a court's dismissal under Rule 41(b) for an abuse of discretion in light of the record as a whole." *Id.* When conducting such review, we recognize that "a Rule 41(b) dismissal remains a harsh remedy to be utilized only in extreme situations," and that courts should grant *pro se* litigants "special leniency regarding procedural matters." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

Costello argues that the district court did not have authority to dismiss a case subject to arbitration. This argument is incorrect. While it may be true that a "court does not have discretion to dismiss [a] suit on the basis that all the claims are subject to arbitration," *Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024), "[t]hat is not to say that the court is barred from dismissing the suit if there is a separate reason to dismiss, unrelated to the fact that an issue in the case is subject to arbitration," *id.* at 476 n.2, as was the case here.

"A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste*, 768 F.3d at 216. Before dismissing a case, a district court must make a finding of "willfulness, bad faith, or reasonably serious fault by evaluating" these factors. *Id.* at 217. "No single factor is generally dispositive," and "a pro se litigant's claim should be dismissed for failure to prosecute only when the circumstances are sufficiently extreme." *Id.* at 216–17. The district court did not abuse its discretion in evaluating these factors.

As to the first factor, the district court properly concluded that the passage of 11 months without compliance with the district court's order compelling arbitration weighed in favor of dismissal. *See Park v. Kim*, 91 F.4th 610, 613 (2d Cir. 2024) (affirming dismissal as sanction after seven-month delay in producing ordered discovery); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982) (failure to prosecute "may warrant dismissal after merely a matter of months"). As to the second, the court repeatedly warned Costello that failure to commence arbitration could result in dismissal for failure to prosecute, and thus she received "clear notice" of the consequences of failing to commence arbitration. *Lewis v. Rawson*, 564 F.3d 569, 582 (2d Cir. 2009). As to the third, the underlying events in this case occurred before 2020, and this Court has reasoned that "prejudice to defendants resulting from unreasonable delay may be presumed . . . because delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Shannon*, 186 F.3d at 195.

The district court also reasonably evaluated the fourth factor—the court's interest in managing its docket—given Costello's repeated attempts to overturn prior decisions. *Cf. LeSane*,

239 F.3d at 210 (finding dismissal unwarranted where, among other distinctions, the plaintiff "did not swamp the court with irrelevant or obstructionist filings"). Following the order to arbitrate, Costello submitted over 20 letters and motions to the district court, repeatedly seeking to relitigate the arbitration order, accusing the court of bias and the defendants of misconduct, and baselessly asserting the arbitration was impossible. In the context of this record, such "groundless motions" and accusations are "dilatory tactics" and a failure to prosecute. *Lyell Theatre Corp.*, 682 F.2d at 42.

As to the fifth factor, dismissal was the appropriate sanction because Costello repeatedly refused to commence arbitration despite clear warnings. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (reasoning that it was "unclear that a lesser sanction [than dismissal with prejudice] would have proved effective" when the *pro se* plaintiff "fail[ed] to respond to the notice threatening dismissal"). Costello's argument that she could not bring an arbitration with JAMS because of their "refusal to arbitrate due to criminal conduct," Appellant's Brief at 22, is baseless in light of the solely civil claims raised in her complaint. Further, the district court determined that Costello's delay was without any justification, and thus indicated that her failure to comply was "willful[]," in "bad faith," or the result of "reasonably serious fault." *Baptiste*, 768 F.3d at 217.

Finally, Costello's arguments that the district court should have recused or was biased are without merit. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Nat'l Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 958 (2d Cir. 1978) ("The prior representation of a party by a judge or his firm with regard to a matter unrelated to litigation before him does not automatically require recusal.").

\*      \*      \*

We have considered all of Costello's remaining arguments and find them unpersuasive.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6